Minnie R. Conradt v. Commissioner.
Conradt v. Comm'r
Docket No. 21843.
United States Tax Court
1950 Tax Ct. Memo LEXIS 224; 9 T.C.M. (CCH) 315; T.C.M. (RIA) 50093; April 7, 1950
*224 Income tax liability was assessed, and notice of tax lien filed against petitioner's husband. Thereafter, without consideration, he transferred his only assets to her and shortly thereafter died insolvent. The petitioner paid state taxes incurred by her husband, medical expenses, and funeral and burial expenses. Held: That there is here involved no question of priority of liens and that the petitioner is liable, at law and in equity as transferee of her husband, for the amount of taxes assessed against her deceased husband. Otto Schmid, Esq., for the petitioner. Marvin E. Hagen, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves a deficiency in income taxes, for the year 1944, asserted against the petitioner as transferee of the assets of her deceased *225 husband. All facts were stipulated, as follows: [The Facts] 1. Petitioner is the widow of Charles O. Conradt who died June 22, 1948. She resides at 317 North Hillside, Wichita, Kansas. For several years prior to his death Charles O. Conradt owned and operated the "Kay Tavern" located at 806 Main Street, Kansas City, Missouri. 2. On October 8, 1947, Charles O. Conradt filed with the Collector of Internal Revenue for the Sixth District of Missouri at Kansas City, Missouri, his delinquent income tax return for the calendar year 1944 wherein he reported a net income of $11,208.12 from the operation of the tavern. After claiming the standard deduction of $500.00 and a surtax exemption of $1,000.00 the total tax shown on the return was $2,847.00. The balance of tax due was in the amount of $2,093.00 after subtracting $754.00 in payments on his 1944 Declaration of Estimated Tax. The income tax return of Charles O. Conradt for 1944 also reported a 25 percent delinquency penalty in the amount of $523.25, thus showing a total unpaid tax liability for 1944 in the amount of $2,616.25. 3. The 1944 income tax liability of Charles O. Conradt in the amount of $2,093.00 plus interest in *226 the amount of $334.74 and the 25 percent penalty reported by him in the amount of $523.25 was duly and legally assessed against him by the Commissioner of Internal Revenue on the November, 1949, assessment list. 4. On November 14, 1947, Charles O. Conradt received from the Collector of Internal Revenue a notice of demand for immediate payment of the amount of the tax, penalty and interest due and assessed against him. 5. No part of said income tax in the amount of $2,093.00, or penalty in the amount of $523.25, or interest in the amount of $334.74 for the year 1944 has been paid and all such tax, penalty, and interest is still due and owing to the United States of America. 6. On February 5, 1948, the Collector of Internal Revenue for the Sixth District of Missouri at Kansas City, Missouri, filed a notice of tax lien with the recorder of deeds, Jackson County, Kansas City, Missouri, in favor of the United States upon all property and rights to property belonging to Charles O. Conradt in the total amount of $2,950.99. The lien is recorded as number 910504 on the official records of the recorder of deeds, Jackson County, Kansas City, Missouri. 7. On April 27, 1948, Charles O. *227 Conradt transferred a checking bank account in his name with the Commerce Trust Company of Kansas City, Missouri, to his wife, Minnie R. Conradt. The balance in the account at the time of the transfer was $303.10. 8. On May 25, 1948, the only property or assets of Charles O. Conradt consisted of the Kay Tavern which he sold on that date to Mr. John Elliott of Kansas City, Missouri, for the cash sum of $4,000.00. On the same date Charles O. Conradt delivered, without consideration, the proceeds of said sale in the amount of $4,000.00 to his wife, Minnie R. Conradt. On May 26, 1948, Minnie R. Conradt made a deposit of the proceeds of the sale received from her husband, Charles O. Conradt, in the amount of $4,000.00 in her individual savings account number X4851, with the Commerce Trust Company of Kansas City, Missouri. 9. Charles O. Conradt did not acquire any property or assets between the date of the sale of his tavern on May 25, 1948, and the date of his death on June 22, 1948. 10. Charles O. Conradt and his wife, Minnie R. Conradt, the petitioner, were living together at the time of his death on June 22, 1948. He was survived by his wife and one son, forty years of age. The *228 estate of Charles O. Conradt was not probated. 11. On or about July 21, 1948, Mr. Joe Clark, Deputy Collector of Internal Revenue, made a demand upon Minnie R. Conradt, the petitioner, for immediate payment of the tax, penalty and interest assessed against her husband, Charles O. Conradt. Minnie R. Conradt did not pay the tax. On July 22, 1948, Minnie R. Conradt withdrew from her savings account in the Commerce Trust Company, Kansas City, Missouri, the proceeds of the sale of the tavern which she received from Charles O. Conradt in the amount of $4,000.00. 12. Minnie R. Conradt paid the following bills on the dates indicated as follows: A. Missouri State Sales Tax
$125.00
(1) Paid to the State of Missouri on July 22, 1948 the sales tax collected and owed by Charles O. Conradt from the operations of the Kay Tavern. B. Medical Expenses
$500.00
(2) Paid to Dr. H. S. Prentiss, Rialto Building, Kansas City, Missouri, on June 22, 1948 for services rendered on behalf of Charles O. Contradt. C. Funeral Expenses
$363.50
(1) Paid to Quirk & Tobin Funeral Directors, Kansas City, Missouri, on July 19, 1948 for services rendered in connection *229 with the funeral of Charles O. Conradt. D. Monument
$66.00
(1) Paid to Davis Monument Company, Leavenworth, Kansas, on September 20, 1948 for marker on the grave of Charles O. Conradt. [Opinion] The petitioner upon brief takes the view, in substance, that she does not deny that her husband owed the income tax, penalty and interest, in the sum of $2,950.99, and that notices were given and demands for payment made, but that her rights to the money in question, as widow of Charles O. Conradt, are superior to those of the respondent. She argues that under Missouri law she as widow is entitled to the allowance out of her husband's estate to the extent which the Probate Court deems reasonable for her proper support, also to $400 personal property; likewise that the Missouri sales tax, medical expenses, and funeral and burial expenses, which she paid after the death of her husband in the total amount of $1,054.50, have priority over the respondent's tax claim herein involved. The respondent argues that this case presents no issue as to the priority of claims in favor of the United States, that the stipulated facts show that Charles O. Conradt transferred all of *230 the property to petitioner prior to his death, that such transfer rendered him insolvent and unable to pay his tax liabilities, and that he was at death insolvent and without any assets whatever, that his estate was not probated, and that the respondent alleged and the petitioner admitted that letters of administration had not been applied for or granted for Charles O. Conradt's estate and that he left no property subject to administration. Therefore, the respondent argues, the petitioner is liable as transferee for the unpaid taxes, delinquency penalty, and statutory interest assessed against her deceased husband even though she paid outstanding claims. The petitioner in her reply brief, though in effect agreeing to respondent's statement as to the pleadings with reference to letters of administration not being applied for or granted and that her husband left no property subject to administration, states that her intention in pleadings and stipulation was to assert that after her claims as the widow were satisfied there would be no assets for the court to administer. Her brief also states that probate proceedings on her husband's estate were begun after the date of the hearing herein, *231 that as shown by an exhibit attached to her brief the Probate Court of Jackson County, Missouri, had made an order, as to widow's allowances, and asks that we take judicial notice of the record in that case. No such exhibit was in fact attached to the petition. We are, of course, unable to take judicial notice of such probate records. In addition to her contention as to priority of liens over that of the respondent, petitioner's contention is, in substance, that the transfer of the $4,000 by Charles O. Conradt to the petitioner was not a transfer, being to his wife between whom there was "full faith and trust" and that it was his money on the day of sale and the day of his death. No authority is cited to indicate that the transfer to the wife was not a transfer within the purview of section 311 of the Internal Revenue Code, and we know of none. Moreover, the stipulation specifically states that Charles O. Conradt did not acquire any property or assets between the date of the sale of the tavern (the proceeds of which he gave to the petitioner) and the date of his death, and the stipulation had already recited that the only property or assets of Charles O. Conradt *232 consisted of the tavern. Regardless, therefore, of the attempted explanation by the petitioner on brief of her meaning in the pleadings and the stipulation, it is obvious and we find that petitioner's husband left no estate but died insolvent and unable to satisfy the taxes here involved; but that the petitioner had by transfer received his property. It is clear, therefore, that this case does not present any question of priority between Federal income taxes, and widow's rights or other claims against an estate, for Charles O. Conradt left no estate. He had transferred all of his property to the petitioner, in an amount greater than the amount of the tax here involved, leaving his insolvent. We so hold. Decision will be entered that the petitioner is liable at law and in equity as transferee of Charles O. Conradt in the amount shown in the notice of liability, to wit, $2,616.25 and interest as provided by law.